UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LEONARD ORVILLE FRANKLIN,<br><br>Petitioner,<br>v.<br>STATE OF NEVADA, et al.,<br><br>Respondents. | Case No. 3:15-cv-00381-MMD-VPC<br><br>ORDER |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Petitioner has paid the filing fee for this action and the petition has been filed. (Dkt. nos. 1 & 2.)

Petitioner has filed an application to proceed *in forma pauperis.* (Dkt. no. 3.) Petitioner's application is denied as moot, as petitioner has paid the filing fee for this action.

Petitioner has filed a motion for the appointment of counsel. (Dkt. no. 4.) Pursuant to 18 U.S.C. § 3006A(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation in a habeas corpus case. Petitioner has no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is within the Court's discretion. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). The petition on file in this action is sufficiently clear in

presenting the issues that petitioner wishes to bring. The issues in this case are not complex. Counsel is not justified in this instance. Petitioner's motion for the appointment of counsel is denied.

It is therefore ordered that petitioner's motion to proceed *in forma pauperis* (dkt. no. 3) is denied as moot.

It is further ordered that petitioner's motion for the appointment of counsel (dkt. no. 4) is denied.

It is further ordered that the Clerk will electronically serve the petition (dkt. no. 2) upon the respondents. The Clerk of Court will add Attorney General Adam Paul Laxalt to the CM/ECF docket sheet.

It is further ordered that respondents will have forty-five (45) days from entry of this order within which to answer, or otherwise respond to, the petition. In their answer or other response, respondents must address all claims presented in the petition. Respondents must raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. Successive motions to dismiss will not be entertained. If an answer is filed, respondents must comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner will have forty-five (45) days from the date of service of the answer to file a reply.

It is further ordered that any state court record exhibits filed by respondents mus be filed with a separate index of exhibits identifying the exhibits by number or letter. The hard copy of all state court record exhibits must be forwarded, for this case, to the staff attorneys in the Reno Division of the Clerk of Court.

It is further ordered that, henceforth, petitioner must serve upon the Attorney General of the State of Nevada a copy of every pleading, motion, or other document he submits for consideration by the Court. Petitioner must include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Attorney General. The Court may disregard any paper that

does not include a certificate of service. After respondents appear in this action, petitioner must make such service upon the particular Deputy Attorney General assigned to the case.

DATED THIS 13th day of November 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE