UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

LEONARD ORVILLE FRANKLIN,

Petitioner,

v.

STATE OF NEVADA, *et al.*,

Respondents.

Case No. 3:15-cv-00381-MMD-VPC

ORDER

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Before the Court is respondents' motion to dismiss. (ECF No. 13). Also pending is petitioner's second motion to proceed *in forma pauperis* and second motion for the appointment of counsel. (ECF Nos. 18, 19).

I.   **BACKGROUND**

Pursuant to a guilty plea, petitioner was convicted of lewdness with a child under the age of 14 and sentenced to a term of life with the possibility of parole after ten years have been served. (Exhs 16, 17, 20, 25, 26.)[1] Petitioner appealed the judgment of conviction. (Exh. 27.) Petitioner raised a single claim on direct appeal — that a breakdown in communication and his distrust of his attorney was so pervasive that it created a conflict that violated his right to be represented by conflict-free counsel. (Exh. 43.) The Nevada Supreme Court affirmed petitioner's conviction. (Exh. 50.)

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 14-17.

Petitioner filed a post-conviction habeas corpus petition in the state district court. (Exh. 52.) Petitioner's appointed counsel later filed a supplemental petition. (Exh. 68.) The state district court dismissed the petition and supplement because the claims either were procedurally barred by § NRS 34.810(1)(a), or were not supported by sufficient factual allegations that, if proven to be true, would entitle him to relief. (Exh. 85.)

Petitioner appealed the dismissal of the post-conviction habeas petition. (Exh. 87.) By order filed February 27, 2015, the Nevada Supreme Court transferred the appeal to the Nevada Court of Appeals. (Exh. 100.) Petitioner asserted the following: (1) that his plea was not knowing, intelligent, and voluntary; (2) that the state district court abused its discretion by dismissing the petition and supplement and not holding an evidentiary hearing; (3) that the state district court improperly interpreted the language of NRS § 34.810; (4) that the improper application of § NRS 34.810 violated the Nevada State Constitution; (5) that the conflict between petitioner and his attorney violated his right to conflict-free counsel; and (6) cumulative error. (Exh. 93.) The Nevada Court of Appeals affirmed the decision of the state district court. (Exh. 101.)

Petitioner dispatched his federal habeas petition to this Court on July 13, 2015. (ECF No. 2.) Respondents have filed a motion to dismiss the petition. (ECF No. 13.) Petitioner filed an opposition. (ECF No. 20.) Respondents filed a reply. (ECF No. 23.) Additionally, petitioner filed a second motion to proceed *in forma pauperis* and a second motion for the appointment of counsel. (ECF Nos. 18, 19.)

**II.   DISCUSSION**

    **A.   Petitioner's Second Motions**

On the same date that petitioner filed an opposition to the motion to dismiss, petitioner also filed second motions to proceed *in forma pauperis* and for the appointment of counsel. (ECF Nos. 18, 19). By order filed November 13, 2015, the Court denied as moot petitioner's first motion to proceed *in forma pauperis.* (ECF No. 7.) For the same reason, petitioner's second motion to proceed *in forma pauperis* is denied.

///

Petitioner has filed a second motion for the appointment of counsel. (ECF No. 19.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). The Court previously denied petitioner's first motion for the appointment of counsel, finding that the petition in this case is sufficiently clear in presenting the issues petitioner sought to bring and that the issues in this case are not complex. (ECF No. 7.) Nothing in petitioner's current motion causes the Court to change its decision that the appointment of counsel is unwarranted in this case. Petitioner's second motion for the appointment of counsel is denied.

### B. Respondents' Motion to Dismiss

#### 1. Ground 4

In Ground 4, petitioner alleges a violation of due process because the state district court "abused its discretion" by not holding an evidentiary hearing to address the allegations that counsel was ineffective for failing to adequately investigate his case. (ECF No. 2 at 22-24.)

Respondents argue that Ground 4 of the petition is not cognizable. A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Allegations of violations of state law do not present a cognizable basis for federal habeas corpus relief. *Swarthout v. Cooke*, 562 U.S. 216, 219-222 (2011); *Missouri v. Hunter*, 459 U.S. 359, 368 (1983); *Engle v. Isacc*, 456 U.S. 107, 119 (1982). Whether a state court properly applied a standard of state law — here, whether the court should have held an evidentiary hearing on the state petition — is not independently reviewable as a due

process claim in a federal habeas corpus proceeding. *Swarthout*, 562 U.S. at 221. Ground 4 does not present a cognizable federal habeas claim and is dismissed.

### 2. Ground 5

Petitioner alleges cumulative error in Ground 5. (ECF No. 2 at 25-27.) Respondents argue that this claim is unexhausted. Petitioner presented a similar claim to the Nevada Court of Appeals in his appeal from the denial of his state habeas petition. (Exh. 93 at 27-28.) The Nevada Court of Appeals declined to address the claim on the merits because petitioner failed to present the claim in state district court. (Exh. 101 at 5.) Exhaustion cannot be achieved by a procedurally deficient or improper means. *Castille v. Peoples*, 489 U.S. 346 (1989). If a petitioner presents a claim for the first time in a procedural context in which the merits will not be considered absent special circumstances, the petitioner has not fairly presented the claim to the state courts. *Id.*, 489 U.S. at 351. Petitioner failed to present Ground 5 in a procedural context where the Nevada Court of Appeals was likely to reach the merits of the claim in the absence of special circumstances. Ground 5 of the federal petition is unexhausted.

In his opposition, petitioner does not oppose respondents' argument, but instead appears to concede that Ground 5 is unexhausted. (ECF No. 20 at 9.) Petitioner states that he "relinquishes Ground 5." (*Id.*) Petitioner also "respectfully requests that this court consider the exhausted claims present in Mr. Franklin's federal writ for habeas corpus petition, while dismissing Ground 5." (*Id.*) The Court construes this statement as petitioner's formal abandonment of unexhausted Ground 5.

### 3. Ground 6

In Ground 6, petitioner asserts that the application of NRS § 34.810 violated his federal due process because Nevada courts "misconstrued the law . . . ." (ECF No. 2 at 28). The interpretation of a state statute is a question of state law that is not cognizable as a federal habeas claim. *See Swarthout v. Cooke*, 562 U.S. at 219-222; *Missouri v. Hunter*, 459 U.S. at 368 (1983); *Engle v. Isacc*, 456 U.S. at 119 (1982). The failure to correctly apply state law does not give rise to a stand-alone claim for a violation of due

process. *Swarthout*, 562 U.S. at 222 ("[W]e have long recognized that a mere error of state law is not a denial of due process."). Ground 6 does not present an independently cognizable federal habeas claim, and as such, is dismissed.

## III.    CONCLUSION

It is therefore ordered that petitioner's second motion to proceed *in forma pauperis* (ECF No. 18) is denied.

It is further ordered that petitioner's second motion for the appointment of counsel (ECF No. 19) is denied.

It is further ordered that respondents' motion to dismiss (ECF No. 13) is granted, as follows:

    1.    Grounds 4 and 6 are dismissed with prejudice for failure to state a cognizable federal habeas corpus claim.

    2. Ground 5 is unexhausted and is dismissed pursuant to petitioner's statement that he wishes to abandon Ground 5.

It is further ordered that respondents will have thirty (30) days from the date of entry of this order to file an answer to petitioner's remaining grounds for relief. The answer must contain all substantive and procedural arguments as to all surviving grounds of the petition, and must comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that petitioner will have thirty (30) days following service of respondents' answer in which to file a reply.

DATED THIS 9th day of March 2017.

                                       MIRANDA M. DU
                                       UNITED STATES DISTRICT JUDGE