UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LEONARD O. FRANKLIN,<br><br>　　　　　　　　　　Petitioner,<br>　　v.<br>STATE OF NEVADA, et al.,<br><br>　　　　　　　　　　Respondents. | Case No. 3:15-cv-00381-MMD-VPC<br><br>ORDER |

This *pro se* habeas matter comes before the Court on petitioner's motion for discovery (ECF No. 37) and renewed motion for appointment of counsel (ECF No. 38). Respondents have opposed (ECF Nos. 43 & 44), and petitioner has replied (ECF Nos. 45 & 46).

Petitioner initiated this action in July 2015 with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court ordered respondents to answer or otherwise respond to the petition in November 2015. Respondents moved to dismiss. Following resolution of the motion to dismiss, respondents answered the petition and petitioner replied. As of September 15, 2017, the matter stands ready for review on the merits.

More than a week after filing his reply to the respondents' answer,[1] more than six months after the Court ruled on respondents' motion to dismiss, and more than two years after initiating this action, petitioner filed a renewed motion for appointment of counsel and, for the first time, a motion for discovery.

---

[1] Petitioner's reply is dated September 12, 2017. (ECF No. 36.) His motions for counsel and discovery are dated September 20, 2017. (ECF Nos. 37, 38.)

"A habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant." *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999) (citing *Bracy v. Gramley*, 520 U.S. 899, 903-05). Discovery in habeas matters is governed by Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, which states: "A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."

The Supreme Court has construed Rule 6, holding that if through "specific allegations before the court," the petitioner can "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). This inquiry is informed by the essential elements of the claims for which petitioner seeks discovery. *Id.* at 904. Thus, the purpose of discovery in a habeas proceeding is not to develop new claims, but, rather, to develop factual support for specific allegations contained in existing claims. *See also Rich*, 187 F.3d at 1067 ("Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'"). Moreover, additional factors may influence whether the court grants leave to conduct discovery. *See, e.g., Sherman v. McDaniel*, 333 F. Supp. 2d 960, 969 (D. Nev. 2004) (noting that the court, in exercising its discretion under Rule 6, should take into consideration whether the claims to which petitioner's proposed discovery relates are exhausted in state court).

The information sought by petitioner in his motion for discovery includes, but is not limited to, depositions of all witnesses, all information in his trial attorney's case file, and all information in the possession of the D.A. (ECF No. 37.) Petitioner's motion for discovery will be denied for several reasons as petitioner has failed to establish good cause.

1    First, most of what petitioner seeks is in his case file. As petitioner himself admits, he was offered the opportunity to review the discovery in his file before entering his guilty plea, but he chose not to do so. Petitioner's post-conviction counsel had petitioner's file, and petitioner has not explained why he could not—or has not to this point—sought to obtain his file from post-conviction counsel. (*See* ECF Nos. 16-9 (Ex. 60) & 16-10 (Ex. 61).)

Second, insofar as the information petitioner seeks is not in the case file, petitioner has not shown that he attempted to obtain this information during state court habeas proceedings. Even if petitioner could somehow overcome the bar of § 2254(d)(1) and (d)(2), which restrict this Court's consideration of his claims to the record before the state court, *Cullen v. Pinholster*, 563 U.S. 170, 186 (2011), petitioner's lack of diligence during his state court proceedings precludes his request for discovery in these proceedings except under limited circumstances, which petitioner has not shown to exist. *See* 28 U.S.C. § 2254(e)(2); *Kemp v. Ryan*, 638 F.3d 1245, 1258-60 (9th Cir. 2011).

Third, petitioner has unduly delayed in seeking discovery. This matter had been pending for more than two years by the time he filed his motion for discovery, and six months had passed since the Court's order on respondents' motion to dismiss. Petitioner's decision to wait until his petition was ripe for review on the merits to seek discovery also weighs against a finding of good cause.

Finally, petitioner's motion is overbroad, speculative, and "exactly the kind of fishing expedition [the courts] are admonished not to permit." *Earp v. Davis*, 881 F.3d 1135, 1144 (9th Cir. 2018). Petitioner has failed to establish good cause.

Turning to petitioner's motion for appointment of counsel, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be

| | |
|---|---|
| 1 | appointed if the complexities of the case are such that denial of counsel would amount to |
| 2 | a denial of due process, and where the petitioner is a person of such limited education as |
| 3 | to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also* |
| 4 | *Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). The petition in this case is sufficiently |
| 5 | clear in presenting the issues that petitioner wishes to raise, and the issues are not |
| 6 | complex. Therefore, the Court concludes that counsel is not justified in this case, and the |
| 7 | motion for appointment of counsel will again be denied. |

For the reasons stated herein, it is ordered that petitioner's motion for discovery (ECF No. 37) is denied.

It is further ordered that petitioner's motion for appointment of counsel (ECF No. 38) is denied.

DATED THIS 26th day of April, 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE