UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEONARD ORVILLE FRANKLIN, | Case No. 3:15-cv-00381-MMD-VPC |
| Petitioner, | ORDER |
| v. | |
| STATE OF NEVADA, *et al.*, | |
| Respondents. | |

This closed habeas matter is before the Court on Petitioner Leonard O. Franklin's Motion/Request for Documents (ECF No. 57). Franklin requests copies of all documents filed by both parties, including all pleadings, motions, and evidence, so he may research and prepare a motion for modification of illegal sentence for filing in the Second Judicial District Court for Washoe County.

Generally, an inmate has no constitutional right to free photocopying or to obtain court documents without payment. *See Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). The fundamental constitutional right of access to the courts requires prison authorities to help inmates prepare and file "meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law," *Bounds v. Smith*, 430 U.S. 817, 828 (1977); it does not impose an obligation "to finance and support prisoner litigation," *Lewis v. Casey*, 518 U.S. 343, 384-85 (1996).

Nothing in federal law, the Federal Rules of Civil Procedure, the Local Rules of Practice, or established case law authorizes federal courts to waive or finance copy fees in closed habeas cases. *See* LSR 1-6 (stating that *in forma pauperis* status does not waive a party's "responsibility to pay the expenses of litigation that are not covered by 28 U.S.C. § 1915," which does not provide for copies).[1] Federal courts do not allow prisoners or any

---

[1] Pursuant to 28 U.S.C. § 1914, the Judicial Conference adopted a schedule of fees for copying services provided by the United States Courts. A fee of 50¢ per page is

other litigants to accrue copy fees—payment for copy fees is required at the time a request is made. *See* LR IC 1-1(i)(5) (providing that paper copies of filed documents may be obtained from the clerk's office after payment of copying fees).

This case was closed in July 2018 when the Court granted Franklin's motion for voluntary dismissal. (ECF No. 55.) The Federal Rules of Civil Procedure require each party to serve court filings on the opposing party. *See* Fed. R. Civ. P. 5. Franklin therefore received a copy of the relevant state court record filed by Respondents in March 2016. (*See* ECF Nos. 14-17.) To the extent he seeks duplicates of that record, Franklin is advised that payment is required for all copies of documents contained in the Court's docket.

It is therefore ordered that Petitioner Leonard O. Franklin's Motion/Request for Documents (ECF No. 57) is denied.

DATED THIS 4th day of February 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

charged for court staff to reproduce any record or paper filed in a case. *See* Fee Schedule, available on the court's website at https://www.nvd.uscourts.gov/court-information/fee-schedule/.